## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LOUIS TRESTER,**

**Petitioner,**

**v.**                                                    **CASE NO. 23-3024-JWL**

**CHANDLER CHEEKS,**

**Respondent.**

## <u>NOTICE AND ORDER TO SHOW CAUSE</u>

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Louis Trester, who is incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 3), which will be granted. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why this matter should not be dismissed in its entirety because it was not timely filed.

### Background

In May 2015, a jury in the District Court of Sedgwick County, Kansas convicted Petitioner of indecent solicitation of a child. *Trester v. State*, 2021 WL 1945161, *1 (Kan. Ct. App. 2021) (unpublished), *rev. denied* Jan. 13, 2022. The state district court sentenced him to 76 months in prison plus lifetime postrelease supervision. *Id.* Petitioner appealed the conviction, but the Kansas Court of Appeals (KCOA) affirmed and on June 20, 2017, the Kansas Supreme Court (KSC) denied Petitioner's petition for review. *Id.*

On October 30, 2019, Petitioner filed a motion seeking state habeas relief under K.S.A. 60-1507, which the state district court summarily denied as untimely filed. *Id.* at *1-2. Petitioner

appealed, but the KCOA affirmed and on January 13, 2022, the KSC denied the petition for review. Petitioner filed his current petition for federal habeas relief on January 24, 2023. (Doc. 1, p. 14.) *See United States v. Hopkins*, 920 F.3d 690, 696 n.8 (10th Cir. 2019) (explaining prison mailbox rule).

## Standard of Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate; it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"— when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

The KSC denied the petition for review in Petitioner's direct appeal on June 20, 2017. *See Trester*, 2021 WL 1945161, at *1. From that point, Petitioner had 90 days in which to file a petition for writ of certiorari in the United States Supreme Court. *See* Sup. Ct. R. 13(3). Because he did not do so, the one-year AEDPA limitation period began to run on September 19, 2017, after the time for filing a certiorari petition expired. *See United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). It expired one year later, on September 19, 2018. *See id.* at 1260; *see also Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *Stuart v. Utah*, 449 Fed. Appx. 736, 737-38 (10th Cir. 2011) (unpublished). But Petitioner did not filed the current § 2254 petition until January 25, 2023.

The AEDPA statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). It does not appear from the information in the petition that statutory tolling is warranted in this matter, since Petitioner's K.S.A. 60-1507 motion was neither properly filed nor filed prior to the expiration of the AEDPA limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 1807, 1814 (2005) ("[W]hen a state court rejects a motion for post-conviction relief as untimely, 'it was not "properly filed," and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2).'"); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will

toll the statute of limitations."). Thus, it appears that the current federal habeas petition was untimely filed.

The one-year federal habeas limitation period also is subject, however, to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Liberally construing the petition, as is appropriate since Petitioner proceeds pro se, Petitioner asserts that although the KSC denied review in his direct appeal on June 20, 2017, his attorney did not inform him of the denial for 11 months thereafter. (Doc. 1, p. 4.) Even assuming solely for the sake of argument that the failure to communicate the denial of review constituted the sort of egregious behavior by an attorney that warrants equitable tolling, that would extend the AEDPA federal habeas filing deadline by 11 months, to June 2019. Doing so would not render the current petition timely filed, as it was not filed until January 2023. In addition, equitable tolling for the delay in attorney communication would not trigger statutory tolling, as Petitioner did not file his K.S.A. 60-1507 motion until October 2019. Thus, the petition does not contain information that leads the Court to conclude that equitable tolling renders this matter timely filed.

There also is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be

4

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

### Conclusion

As explained above, the petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate grounds for statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will issue any further orders necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERD THAT** Petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is **granted**.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including March 20, 2023, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:   This 15th day of February, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge