IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOUIS TRESTER,

                                **Petitioner,**

      v.                                                                             **CASE NO. 23-3024-JWL**

**CHANDLER CHEEKS,**

                                **Respondent.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's response to the Notice and Order to Show Cause (NOSC) the Court issued on February 15, 2023. The NOSC explained to Petitioner that this matter appeared untimely filed and directed him to show cause why it should not be dismissed due to his failure to commence it within the one-year time limitation. (Doc. 4.) The Court has carefully reviewed Petitioner's response and, for the reasons explained below, the Court will dismiss this action as time-barred.

### Background

In May 2015, a jury in the District Court of Sedgwick County, Kansas convicted Petitioner of indecent solicitation of a child. *Trester v. State*, 2021 WL 1945161, *1 (Kan. Ct. App. 2021) (unpublished), *rev. denied* Jan. 13, 2022. The state district court sentenced him to 76 months in prison plus lifetime postrelease supervision. *Id.* Petitioner appealed the conviction, but the Kansas Court of Appeals (KCOA) affirmed and on June 20, 2017, the Kansas Supreme Court (KSC) denied Petitioner's petition for review. *Id.*

On October 30, 2019, Petitioner filed a motion seeking state habeas relief under K.S.A. 60-1507, which the state district court summarily denied as untimely filed. *Id.* at *1-2. Petitioner

appealed, but the KCOA affirmed and on January 13, 2022, the KSC denied the petition for review. Petitioner filed his current petition for federal habeas relief on January 24, 2023. (Doc. 1, p. 14.) *See United States v. Hopkins*, 920 F.3d 690, 696 n.8 (10th Cir. 2019) (explaining prison mailbox rule).

This Court reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on February 15, 2023, the Court issued an NOSC advising Petitioner that this action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). (Doc. 4, p. 2.) After setting forth the applicable law, the NOSC explained:

> The KSC denied the petition for review in Petitioner's direct appeal on June 20, 2017. *See Trester*, 2021 WL 1945161, at *1. From that point, Petitioner had 90 days in which to file a petition for writ of certiorari in the United States Supreme Court. *See* Sup. Ct. R. 13(3). Because he did not do so, the one-year AEDPA limitation period began to run on September 19, 2017, after the time for filing a certiorari petition expired. *See United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). It expired one year later, on September 19, 2018. *See id.* at 1260; *see also Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *Stuart v. Utah*, 449 Fed. Appx. 736, 737-38 (10th Cir. 2011) (unpublished). But Petitioner did not file the current § 2254 petition until January 25, 2023.

*Id.* at 3.

The NOSC further explained that the AEDPA contains a tolling provision that excludes from the one-year limitation period any "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." That provision does not appear to apply here, however, because Petitioner's K.S.A. 60-1507 motion was not "properly filed"—the state courts determined that it was untimely—and it was not filed until October 2019, well after the one-year AEDPA limitation period expired in September 2018. *Id.* at 3. The NOSC also discussed equitable tolling and the actual innocence exception to the one-year AEDPA limitation period. *Id.* at 3-5. It noted that even assuming solely for the sake of argument that Petitioner was entitled to the equitable tolling for which he advocated in the petition, such tolling

still did not render the petition timely filed. *Id.* at 4.

Thus, the NOSC concluded:

> [T]he petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate grounds for statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred.

*Id.* at 5. Petitioner promptly filed his response to the NOSC, and the Court has reviewed it carefully.

## Analysis

In the response, Petitioner argues that the petition, which was filed on January 25, 2023, was timely filed and that he also timely complied with the notice of deficiency the Court issued shortly thereafter. (Doc. 5, p. 1.) In support, he refers the Court to attached documents showing the date and time of electronic filings in this matter, as well as a letter from his attorney informing him that the KSC denied his petition for review in the K.S.A. 60-1507 proceeding on January 13, 2022, and a copy of the KSC's order and mandate in that matter. (Doc. 5-1.)

The Court does not dispute any of the dates asserted by Petitioner in his response or the attached documents. However, to the extent that Petitioner argues that the current matter is timely because it was filed within one year of the KSC's January 2022 denial of the petition for review in the 60-1507 proceeding, that argument is unpersuasive. Timeliness of this federal habeas matter under the AEDPA is not calculated from the date on which the KSC denied relief in the most recent state-court proceeding that includes the issues raised in his current federal habeas petition. Rather, as set out in the NOSC, there are four dates that may start the one-year federal habeas limitation period: (1) the date the judgment became final; (2) the date on which a State-created illegal impediment to filing was removed; (3) the date on which the United States Supreme Court first recognized the constitutional right underlying the federal habeas claim if it made the right retroactively applicable to cases on collateral review; or (4) the date on which due diligence would

have revealed the factual basis for the claim. (Doc. 4, p. 2-3 (quoting 28 U.S.C. § 2244(d)(1)).) Even liberally construing the petition and the response to the NOSC, only the first type of starting date is applicable: when the judgment became final. For the reasons explained in the NOSC, judgment in Petitioner's state criminal proceeding—the proceeding underlying this federal habeas petition—was final in September 2017, not January 2022. (Doc. 4, p. 3.) Put another way, the K.S.A. 60-1507 proceedings do not factor into the timeliness of this federal habeas action.[1]

Similarly, although the Court appreciates Petitioner's attention to the deadlines set in the Notice of Deficiency and his prompt compliance with the Court's requests for additional information, that compliance does not affect the analysis of whether this matter was timely filed on January 25, 2023. The year in which Petitioner could file his federal habeas petition ran from September 2017 to September 2018, but Petitioner did not file his federal habeas petition until 2023. Thus, it is untimely. Because Petitioner has not presented a persuasive argument in support of statutory tolling, equitable tolling, or the application of the actual innocence exception, this matter must be dismissed as time-barred.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

---

[1] In his response, Petitioner does not address the NOSC's conclusion that the K.S.A. 60-1507 proceedings do not justify statutory tolling of the one-year federal habeas limitation period. The NOSC noted first that the K.S.A. 60-1507 motion was not filed before the AEDPA limitation period expired. (Doc. 4, p. 3-4). A K.S.A. 60-1507 motion extends the time to file a federal habeas petition only if it is "filed within the one year allowed by AEDPA." *See id.* (quoting *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006)). In addition, the state courts held that the 60-1507 motion was untimely filed and therefore, this Court cannot characterize it as "properly filed," which is required for statutory tolling under 28 U.S.C. § 22449D)(2). *See id.* at 3 (quoting *Pace v. DiGuglielmo*, 544 U.S. 1807, 1814 (2005)).

4

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 23rd day of February, 2023, at Kansas City, Kansas.


                                        S/ John W. Lungstrum

                                        JOHN W. LUNGSTRUM
                                        United States District Judge